IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01347-PAB-KMT

COMMONWEALTH PROPERTY ADVOCATES, LLC,

    Plaintiff,

v.

SAXON MORTGAGE SERVICES, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
TAYLOR, BEAN & WHITAKER MORTGAGE CORP., and
FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants.

---

**ORDER GRANTING MOTION TO DISMISS**

---

This matter is before the Court on defendants Saxon Mortgage Services, Inc. ("Saxon"), Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation's motion to dismiss [Docket No. 51] plaintiff's second amended complaint [Docket No. 11]. The motion is fully briefed and ripe for disposition. The Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a).

**I. BACKGROUND**

According to its complaint, plaintiff is a limited liability company that purchases homes from homeowners facing foreclosure. Plaintiff is the owner of a property located at 5070 Fenwood Drive, Littleton, Colorado, located in Douglas County ("the Fenwood Drive property"), which it purchased on May 5, 2010. This dispute arises from defendant Saxon's initiation of foreclosure proceedings on the Fenwood Drive property.

The previous owner of the Fenwood Drive property executed two promissory notes in favor of lender and defendant Taylor, Bean & Whitaker Mortgage Corp. ("Taylor, Bean & Whitaker") on March 15, 2007. These notes were secured by deeds of trust to the property, each of which named defendant Mortgage Electronic Registration Systems, Inc. as the beneficiary, solely acting as nominee for Taylor, Bean & Whitaker. According to plaintiff's complaint, Taylor, Bean & Whitaker subsequently secured these notes by pooling them with other similar obligations and selling them to numerous unknown investors. These investors obtained insurance on the underlying obligations in the form of "credit default swaps." It is plaintiff's theory that, because of this securitization, plaintiff no longer knows who the current holders of the notes are and, therefore, although Saxon claims to be the successor in interest to both of the notes, it does not have the authority to foreclose on the property.

On March 29, 2010, Saxon initiated foreclosure proceedings on the Fenwood Drive property by filing a notice of election and demand for sale by the public trustee of Douglas County. When plaintiff filed its complaint on July 8, 2010, the trustee sale for the property was scheduled to occur on July 21, 2010. On October 12, 2010, defendants filed a motion to dismiss, submitting state court records demonstrating that the District Court of Douglas County issued an order authorizing the sale of the Fenwood Drive property on July 2, 2010 and Saxon purchased the property at public auction on July 21, 2010. *See* Docket No. 51-3; Docket No. 51-4. Plaintiff does not dispute that the foreclosure is now completed and that the property was sold to Saxon at a public trustee sale.

## II. STANDARD OF REVIEW

In their motion, defendants invoke Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that plaintiff's claims are either moot, that plaintiff lacks standing to assert them, or that the Court should abstain from hearing its claims under the *Rooker-Feldman* doctrine. All of these arguments are properly determined pursuant to Rule 12(b)(1) because they attack the Court's subject matter jurisdiction. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot."); *Colo. Env'tl. Coalition v. Wenker,* 353 F.3d 1221, 1227 (10th Cir. 2004) (standing is jurisdictional); *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 705 (10th Cir. 2004) (en banc) ("The *Rooker-Feldman* doctrine is a jurisdictional prohibition.").

Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When resolving a facial attack on the allegations of subject matter jurisdiction, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). To the extent defendants attack the factual basis for subject matter jurisdiction, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed

jurisdictional facts." *SK Finance SA v. La Plata County*, 126 F.3d 1272, 1275 (10th Cir. 1997). In this case, defendants attack the factual basis for subject matter jurisdiction and present materials outside the pleadings. The Court may refer to this evidence without converting defendants' motion to a summary judgment motion. *See id.* ("Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."). Ultimately, and in either case, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## III. ANALYSIS

### A. Mootness

Defendants argue that the completion of the state foreclosure proceedings and the public trustee sale moots plaintiff's first three claims, including its claims for injunctive relief and declaratory judgment. "[M]ootness has two aspects: 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). "The core question in mootness inquiry is whether granting a present determination of the issues offered . . . will have some effect in the real world." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999). Declaratory judgment actions in particular require attention to the issue of mootness. "[D]eclaratory judgment actions often require courts to face the difficult task of distinguishing 'between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical

controversies.'" *Rio Grande Silvery Minnow v. Bureau of Reclamation,* 601 F.3d 1096, 1111 n.12 (10th Cir. 2010) (quoting *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)). "Thus, the Supreme Court has held that when considering the potential mootness of a claim for declaratory relief, the question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Plaintiff's first three claims for relief are all aimed at preventing the public trustee sale of the Fenwood Drive property. Plaintiff's first claim for injunctive relief requests that the Court enter an order "forthwith enjoining disposition of the subject realty by present parties." Docket No. 11 at 9, ¶ 45. The Court cannot grant this relief now and enjoin the public trustee sale, as the sale has already occurred. Therefore, plaintiff's first claim is moot. *See Thournir v. Buchanan*, 710 F.2d 1461, 1463 n.2 (10th Cir. 1983).

Plaintiff's second claim for "estoppel/declaratory judgment" seeks a declaration that "defendants lack any interest under the Trust Deeds which may be enforced by lien upon or sale of the subject property." Docket No. 11 at 10, ¶ 53. Nearly identically, plaintiff's third claim for relief seeks a declaration that "defendants lack any interest under the Trust Deeds which may be enforced by liens upon or sale of the subject property." *Id.* at 12, ¶ 61. The public trustee sale has resolved the issue of whether Saxon had an interest in the property that could be enforced through the state foreclosure process and there is no longer a live controversy regarding whether the sale

may take place.  Assuming the foreclosure was wrongful as plaintiff alleges, the appropriate remedy would not be declaratory relief, but an action for damages.  *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.")  But, plaintiff does not bring any claim for monetary relief.  *Cf. PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002) (retrospective declaratory relief may be appropriate where it is "intertwined with a claim for monetary damages that requires [a court] to declare whether a past . . . violation occurred").  Therefore, the Court concludes that plaintiff's first three claims are moot and will dismiss them for lack of subject matter jurisdiction.

### B.  Standing

Defendants argue that the Court also does not have jurisdiction over plaintiff's fourth claim for quiet title because plaintiff lacks standing to assert it.  Standing involves three elements.  "First, the plaintiff must have suffered a concrete, actual 'injury in fact.'  Second, there must be a causal connection between the injury and the conduct at issue.  Third, it must be likely that a favorable decision will redress the plaintiff's injury."  *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 793 (10th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Effectively, defendants argue that plaintiff fails the first requirement of standing because it has no legally cognizable interest in the property.  Under Colorado law, "it is axiomatic that where plaintiff in an action to quiet title to land fails to make a prima facie showing of his title,

he is in no position to question the legality of the title claimed by other parties to the suit." *See Bock v. Bd. of County Comm'rs of El Paso County*, 520 P.2d 149, 151 (Colo. App. 1974). "Thus, the plaintiff may not capitalize on the weakness of the defendant's claim to title, but can succeed only by establishing the strength of his or her own claim to title." *Hinojos v. Lohmann*, 182 P.3d 692, 697 (Colo. App. 2008). Plaintiff's complaint only attacks defendants' claim to title of the Fenwood Drive property without asserting any facts relating to the validity of its own claim to title. *See* Docket No. 11 at 12-13. Therefore, the Court agrees with defendants and will dismiss plaintiff's final claim[1] for lack of standing. *See Johnson v. United States*, 402 F. App'x 298 (9th Cir. 2010) (affirming dismissal of quiet title action for lack of standing brought under federal quiet title statute with similar requirement).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, for Abstention [Docket No. 51] is **GRANTED**. It is further

**ORDERED** that judgment shall enter in favor of defendants and against plaintiff. It is further

---

[1] Plaintiff's complaint includes a fifth claim seeking sanctions, fees, and costs. *See* Docket No. 11 at 13-14. As defendants correctly point out and plaintiff does not dispute, this is not a free-standing claim for relief but a statement of the remedies plaintiff seeks pursuant to its other claims.

**ORDERED** that the defendants are awarded their costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED June 30, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge